BENTON J. CAMPBELL
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
Telephone:    (718) 254-6057

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324


**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| **UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR COQUI CAPITAL PARTNERS, L.P.** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No.** *CV-08-0978 (LTS)* |
| **COQUI CAPITAL MANAGEMENT, LLC,** | ) | |
| **a New York limited liability company;** | ) | **Related Case No. 06-1564** |
| **ISAAC KIER, an individual;** | ) | **Swain, J.** |
| **JEFFREY DAVIDSON, an individual;** | ) | |
| **JEFFREY KOFFMAN, an individual;** | ) | **Case No.** |
| **ALLISON KOFFMAN, an individual;** | ) | |
| **MARTIN BANDIER, an individual;** | ) | |
| **LOUIS BUCK, an individual;** | ) | |
| **CHAZEN CAPITAL PARTNERS,** | ) | |
| **a Delaware limited partnership;** | ) | |
| **CLUB SIDE HOLDINGS,** | ) | |
| **a Bahamian corporation;** | ) | |
| **LAWRENCE COBEN, an individual;** | ) | |
| **ARTHUR DAVIDSON, an individual;** | ) | |
| **DONNA DAVIDSON, an individual;** | ) | |
| **RICK DAVIDSON,  an individual;** | ) | |

MICHAEL DELIKAT, an individual;                )
S. MARK ERENSTEIN, an individual;              )
ROGER GLADSTONE, an individual;                )
GABRIEL GOLAN, an individual;                  )
RICHARD GOLDBERG, an individual;               )
LYNDA GOLDSCHEIN, an individual;               )
MICHAEL GRISANTI, an individual;               )
MICHAEL HARD, an individual;                   )
IRM ASSOCIATES,                                )
a New Jersey limited partnership;              )
ELLEN SUE KIER, an individual;                 )
EFRAIM KIER, an individual;                    )
SARA KIER, an individual;                      )
RALPH KIER, an individual;                     )
DAVID KOFFMAN, an individual;                  )
BURTON KOFFMAN, an individual;                 )
RUTHANNE KOFFMAN, an individual;               )
RON KRAMER, an individual;                     )
MICHAEL KUBIN, an individual;                  )
DAVID LAYTON, an individual;                   )
LK2ST. LIMITED,                                )
a Utah limited liability partnership;          )
ALBERT LYONS, an individual;                   )
MARLIN EQUITIES, LLC,                          )
a Delaware limited liability company;          )
SYLVIA MASLOW, an individual                   )
ERIC OSSERMAN, an individual;                  )
HOWARD PEARL, an individual;                   )
PLAFSKY FAMILY TRUST;                          )
FREDERICK POSES, an individual;                )
SCHUYLER ASSOCIATES, LP,                       )
A New York limited partnership;                )
ALBERT SCHWARTZ, an individual;                )
JOEL SIEGEL, an individual;                    )
SILVER LINING CORP.,                           )
a Bahamian corporation;                        )
BARON SILVERSTEIN, an individual;              )
NEIL SILVERSTEIN, an individual;               )
SUNBELT BEVERAGE COMPANY, LLC                  )
a Delaware limited liability company;          )
TECH AEROFOAM, INC.,                           )
a New York corporation;                        )
THE STELLA AND ALBERT SCHWARTZ                 )
1994 GRANDCHILDREN'S TRUST;                    )
KENNETH TUCHMAN, an individual;                )
VESTAL VENTURE CAPITAL,                        )

a New York corporation;                          )
**JEFFREY WILKES, an individual; and**           )
**KEVIN WOLF, an individual**                    )
                                                 )
      **Defendants.**                                  )
_____)

## COMPLAINT FOR BREACH OF CONTRACT,

COMES NOW Plaintiff, the United States Small Business Administration (hereinafter "SBA"), as Receiver ("the Receiver or Plaintiff') for Coqui Capital Partners, LP (hereinafter "Coqui") and for its Complaint against Defendants herein states as follows:

1.      Plaintiff brings this action as Receiver for Coqui to recover the respective capital commitments owed under a Subscription Agreement and a Limited Partnership Agreement executed and/or guarantied by each of the named defendants (collectively "the Defendants") for the benefit of Coqui.

## JURISDICTION AND VENUE

2.      Pursuant to the Small Business Investment Act of 1958, as amended (hereinafter the "Act"), 15 U.S.C. §§687 and 687h, and pursuant to 28 U.S.C. §§754 and 1367, this Court has jurisdiction over this action, which is ancillary to the receivership proceedings, <u>United States of America v. Coqui Capital, LP</u>, 06-cv-1564 (Swain, J.),   currently pending before this Court.

3.      Venue is proper in the Southern District of New York pursuant to 15 U.S.C. §687(d) and 28 U.S.C. §1391(b).  Venue is also proper in the Southern District of New York as this action is ancillary to the receivership proceedings referred to in paragraph 2.

**THE PARTIES**

4.      Coqui is a Delaware limited partnership that was licensed by SBA as a Small Business Investment Company ("SBIC") on April 7, 2000, SBA License No. 02/72-0599, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder at 13 C.F.R. §107.1 et. seq ("the Regulations").

5.      At the time of its licensing as an SBIC, Coqui was eligible to obtain, and did obtain, Leverage from SBA in the form of guaranteed Debentures.  On or about June, 2001, Coqui amended its Limited Partnership Agreement and became eligible to obtain, and did obtain, Leverage from SBA in the form of Participating Securities.

6.      SBA was appointed Receiver for Coqui by Order of this Court dated March 3, 2006 ("the Receivership Order").

7.      On September 13, 2006, this Court entered an order lifting the judicial stay imposed by the Receivership Order and authorized the Receiver to commence this action for recovery against the limited partners of Coqui.

8.      Defendant Coqui Capital Management, LLC is a New York limited liability company, whose last known principal place of business is 1775 Broadway, Suite 604, New York, NY, 10019.

9.      Defendant Isaac Kier is an individual whose last known address is 15 West 81st Street, New York, NY 10024 and is a member of Coqui Capital Management, LLC and one of Coqui's former principals.

10.      Defendant Jeffrey Davidson is an individual whose last known address is  17 Nottingham Road, Livingston, NJ 07932 and is a member of Coqui Capital Management, LLC

and one of Coqui's former principals.

11.     Defendant Jeffrey Koffman is an individual whose last known address is 1088 Park Avenue, Apartment 8F, New York, NY 10021 and is a member of Coqui Capital Management, LLC and one of Coqui's former principals.

12.     Defendant Allison Koffman is an individual whose last known address is 1088 Park Avenue, Apartment 8F, New York, NY 10021.

13.     Defendant Martin Bandier is an individual whose last known address is 200 Gin Lane, Southampton, NY 19968.

14.     Defendant Louis Buck is an individual whose last known address is 4 Deake Street, South Portland, ME 04106.

15.     Upon information and belief, defendant Chazen Capital Partners, LLC is a Delaware limited liability company whose last known principal place of business is 767 Fifth Avenue, 26th Floor, New York, NY 10153.

16.     Upon information and belief, defendant Club Side Holdings is a Bahamian corporation whose last address was Charlotte House/Shirley Street, P.O. Box N3950 Nassau, N.P. Bahamas.

17.     Defendant Lawrence Coben is an individual whose last known address is  277 Fairfield Road, Suite 207, Fairfield, NJ 07039.

18.     Defendant Arthur Davidson is an individual whose last known address is 8 Coddington Terrace, Livingston, NJ 07932.

19.     Defendant Donna Davidson is an individual whose last known address is 10 Pheasant Way, Florham Park, NJ  07039.

20.     Defendant Rick Davidson is an individual whose last known address is 10

Pheasant Way, Florham Park, NJ 07039.

21.     Defendant Michael Delikat is an individual whose last known address is at 666 Fifth Avenue, New York, NY 10103.

22.     Defendant S. Mark Erenstein is an individual whose last known address is 1100 Plaza 5, 12th Floor, Jersey City, NJ 07311.

23.     Defendant Roger Gladstone is an individual whose last known address is 22256 Hollyhock Trail, Boca Raton, FL 33433.

24.     Defendant Gabriel Golan is an individual whose last known address is 225 West 86th Street, Apt. 605, New York, NY 10023.

25.     Defendant Richard Goldberg is an individual whose last known address is 98 Cutter Mill Road, Great Neck, NY 11021.

26.     Defendant Lynda Goldschein is an individual whose last known address is 70 Sherwood Drive, Louisville, NJ 07069.

27.     Defendant Michael Grisanti is an individual whose last known address is 6 Overlook Road, Louisville, KY 40207.

28.     Defendant Michael Hard is an individual whose last known address is 239 Central Park West, New York, NY 10021.

29.     Defendant IRM Associates is a New Jersey corporation whose principal place of business is 17 Nottingham Road, Livingston, NJ 07039.

30.     Defendant Ellen Sue Kier is an individual whose last known address is 15 West 81st Street, New York, NY 10024.

31.     Defendant Efraim Kier is an individual whose last known address is 207 Del Parque Street, 10th Floor, San Juan, PR 00912.

32.     Defendant Sara Kier is an individual whose last known address is 207 Del Parque Street, 10th Floor, San Juan, PR 00912.

33.     Defendant Ralph Kier is an individual whose last known address is 4065 NW 64th Road, Boca Raton, FL 33496.

34.     Defendant David Koffman is an individual whose last known address is 300 Plaza Drive, Vestal, NY 13850.

35.     Defendant Burton Koffman is an individual whose last known address is Hickory Lane, Binghampton, NY 10021.

36.     Defendant Ruthanne Koffman is an individual whose last known address is Hickory Lane, Binghampton, NY 10021.

37.     Defendant Ron Kramer is an individual whose last known address is 829 Park Avenue, New York, NY 10021.

38.     Defendant Michael Kubin is an individual whose last known address is 1155 Park Avenue, New York, NY  10128.

39.     Defendant David Layton is an individual whose last known address is 9090 South Sandy Parkway, Sandy, UT  84070.

40.     Defendant LK2St, Limited is a Utah limited partnership whose last principal place of business is 9090 South Sandy Parkway, Sandy, UT  84070.

41.     Defendant Albert Lyons is an individual whose last known address is 2521 Vestal Parkway East, Vestal, New York 13850

42.     Upon information and belief, defendant Marlin Equities, LLC is a Delaware limited liability company whose last principal place of business is 555 Theodore Freedman Avenue, Suite B-302, Rye, New York 10580.

43.     Defendant Sylvia Maslow is an individual whose last known address is 16676 Sweetbay Drive Del Ray Beach, Florida  33445.

44.     Defendant Eric Osserman is an individual whose last known address is 44 Hawthorne Road, Short Hills, NJ  07078.

45.     Defendant Howard Pearl is an individual whose last known address is 47 Warren Road, Toronto, Canada M4V2R8.

46.     Defendant Plafsky Family Trust is an entity whose last principal address is 225 Millburn Avenue, Suite 202, Millburn, NJ 07041.

47.     Defendant Frederick Poses is an individual whose last known address is 1 Centennial Avenue, Piscataway, NJ  13850.

48.     Upon information and belief, defendant Schuyler Associates, L.P. is a New York limited partnership entity whose last known place of business is 300 Plaza Drive, Vestal NY 13850.

49.     Defendant Albert Schwartz is an individual whose last known address is 152 West 57th Street New York, NY 10019.

50.     Defendant Joel Siegel is an individual whose last known address is 9 Wilshire Drive, Livingston, NJ 07039.

51.     Upon information and belief, defendant Silver Lining Corporation is a Bahamian corporation whose last known was 1455 Sherbrooke West, Penthouse 8, Montreal, Canada.

52.     Defendant Baron Silverstein is an individual whose last known address is 730 5th Avenue, New York, NY 10019.

53.     Defendant Neil Silverstein is an individual whose last known address is 730 5th Avenue, New York, NY  10019.

54.     Upon information and belief, defendant Sunbelt Beverage Company, LLC is a Delaware limited liability company whose last known address is 60 East 42nd Street, Suite 1915, New York, NY 10165.

55.     Upon information and belief, defendant Tech Aerofoam, Inc. is a New York corporation whose last known principal place of business is 300 Plaza Drive, Vestal, NY 13851.

56.     Defendant The Stella & Albert Schwartz 1994 Grandchildren's Trust is an entity whose last known address is 152 West 57th Street New York, NY 10019.

57.     Defendant Kenneth Tuchman is an individual whose last known address is 1301 Avenue of the Americas, 43rd Floor, New York, NY 10019.

58.     Upon information and belief, defendant Vestal Venture Capital is a New York corporation whose last known principal address is 92 Hawley Street, Binghampton, NY 13901.

59.     Defendant Jeffrey Wilkes is an individual whose last known address is 375 North Broadway, Jericho, NY 11753.

60.     Defendant Kevin Wolf is an individual whose last known address is 204 West 101st Street, New York, NY 10025.

## BACKGROUND

61.     Plaintiff re-alleges and reincorporates paragraphs 1 through 60 as though fully set forth herein.

62.     Shortly after its appointment by this Court, the Receiver took possession of Coqui's corporate books and records.

63.     Coqui's corporate books and records include an Agreement of Limited Partnership Agreement ("LPA") effective as of March 6, 2000.

64.     Coqui's partnership books and records include various Subscription Agreements

that, at Section 1, provide that the signatory subscriber "[w]ill be bound by the terms of the Limited

Partnership Agreement . . . " and at Section 3(c) provide that the signatory subscriber has been

provided with a copy of the LPA.

65.     Pursuant to the Subscription Agreements, all of them having been executed between

November 1999 and March, 2000, each named defendant agreed to purchase limited partnership

interests in, and become limited partners of, Coqui.  Coqui's books and records include Subscription

Agreements executed by each of the Defendants with the exception of Defendants Isaac Kier,

Jeffrey Davidson, Jeffrey Koffman, Layton, Maslow, Lyons, and Schwartz.

66.     The LPA at Section 6.7 provides that 50% of the Voting Interests of the Limited

Partners is required to amend the LPA.

67.     Coqui's partnership books and records contain the consent of over 50% of the

Voting Interests as required by the LPA to a proposed amendment of the LPA in order for Coqui to

obtain Leverage from SBA in the form of Participating Securities.

68.      Effective June 13, 2001, Coqui amended its Limited Partnership Agreement

("Amended LPA").

69.     Section 1.02 of the Amended LPA provides that Annex GDP and Annex OP

are incorporated in the Amended LPA.

70.     SBA Annex OP provides at Section 1.2 that in the event of any conflict between the

provisions of the LPA and the Act, the provisions of the Act shall control.

71.     Section 2.01 of the Amended LPA provides that the operations and actions of Coqui

shall be conducted and taken in compliance with the Act.

72.     Section 1.08(b)(x) of the Amended LPA provides in part that each Private Limited

Partner received, is familiar with and understands the Agreement of Limited Partnership.

73.    Section 1.08(b)(xvii) of the Amended LPA provides in part that each Private Limited Partner understands that it is unconditionally obligated to pay its Commitment, subject only to the conditions of the Act and Annex GDP.

74.    Section 5.02 of the Amended LPA provides that each Private Limited Partner shall pay such percentage of its Commitment at such time as demanded by the General Partner.

75.    Section 5.10 of the Amended LPA provides that the Partnership is entitled to enforce against each partner its respective obligation as specified in the Amended LPA.

76.    Section 5.11(b) provides that no partner may be released and no capital obligation may be deferred or reduced by Coqui without SBA's prior consent.

77.    Section 4.09 of the Amended LPA provides that SBA, the federal agency and federal regulator, is a third party beneficiary to the LPA and has the right to enforce the provisions regarding the obligations of the limited partners.

78.    Section 10.16 of the Amended LPA provides in part that the Amended LPA and all other written agreements executed by or on behalf of the General Partner and/or the Private Limited Partners and executed or approved by SBA state the entire understanding among the parties relating to the subject matter of the Agreement (Amended LPA).

79.    Section 4.02(b) of the Amended LPA provides that except as provided in the SBIC Act, a consent or approval required to be given by SBA under this Agreement will be deemed given and effective for purposes of this Agreement only if the consent or approval is given by SBA in writing or delivered by SBA as provided in Section 10.05 in writing by personal delivery, telefax, telegram or private courier or by regular mail.

80.    Section 6 of the Subscription Agreements provides that the Limited Partner appoints the General Partner as the respective Limited Partner's attorney-in-fact with full power and authority

to execute the LPA, and file and record any Amendment to the LPA, on behalf of the Limited Partner.

81.     Prior to requesting additional Leverage or funding from SBA, Coqui submitted Capital Certificates dated October 31, 2002 and November 19, 2003 to SBA.  Paragraph 11 of the Capital Certificates, both of which are executed by defendants Jeffrey Koffman, Isaac Kier and Jeffrey Davidson as members of Coqui's General Partner,  state that the capital certificate is "material for the purpose of inducing SBA to . . . disburse SBA funds in reliance upon Applicant's statement."

82.     Section E of both Capital Certificates is entitled "Conditions to Exercise of Right to Receive Unfunded Commitments".  Under Section E of both Capital Certificates, executed by defendants Jeffrey Koffman, Isaac Kier and Jeffrey Davidson as members of Coqui's General Partner, is inserted "[None]"

83.     By Order dated March 3, 2006, this Court appointed the Receiver.  The Order granted the Receiver all of the powers and privileges of the General Partner and ordered the Receiver to marshal all of Coqui's assets and preserve and pursue all of Coqui's claims.

84.     By separate letters (hereinafter "Call Letters") and in accordance with Section 5.02 of the Amended LPA, the Receiver made a capital call on each of the Defendants, with the exception of Defendants Schwartz, Lyons, LK2St, Ltd., and Maslow, for one hundred percent (100%) of their respective unpaid and unfunded limited partnership capital commitments.

85.     By separate letters dated August 21, 2006 (hereinafter "SBA Demand Letters") SBA, the federal agency and third party beneficiary, in accordance with Section 4.09 of the Amended LPA, made a capital call on each of the Defendants, with the exception of Defendants Schwartz, Lyons, LK2St, Ltd., and Maslow, for one hundred percent (100%) of their respective

unpaid and unfunded limited partnership capital commitments. The SBA Demand Letters demanded payment in full by September 1, 2006.

86. By separate letters dated February 5, 2007, SBA and the Receiver both made demand upon Defendant Albert Schwartz pursuant to a guaranty of payment of the capital commitment made by the Stella and Albert Schwartz 1994 Grandchildren's Trust to Coqui, which guaranty was executed by Defendant Schwartz ("the Schwartz Guaranty Letters"). The letters demanded payment in full of the outstanding commitments by February 20, 2007.

87. By separate letters dated February 5, 2007, SBA and the Receiver both made demand upon Defendant Albert Lyons pursuant to a guaranty of payment of the capital commitment made by Vestal Venture Capital to Coqui, which guaranty was executed by Defendant Lyons ("the Vestal Guaranty Letters"). The letters demanded payment in full of the outstanding commitments by February 20, 2007.

88. By separate letters dated February 5, 2007, SBA and the Receiver both made demand upon Sylvia Maslow pursuant to a guaranty of payment of the unfunded capital commitments made by IRM Associates ("the IRM Guaranty Letters") to Coqui, which guaranty was executed by Defendant Maslow. The letters demanded payment in full of the outstanding commitments by February 20, 2007.

89. By separate letters dated March 28, 2007, and in accordance with section 5.02 of the Amended LPA, the Receiver made demand upon LK2ST, Ltd for its outstanding capital commitment. The letter gave Defendant LK2ST, Ltd until April 9, 2007 to pay its remaining unfunded commitment.

90. The Receiver and SBA, by separate letters dated April 10, 2007 and

April 16, 2007, respectively, made demand upon David Layton pursuant to a guaranty of payment of the capital commitment of LK2ST, Ltd. To Coqui, which guaranty was executed by Defendant Layton ("the LK2St.Guaranty Letters").  The letters demanded payment in full of the outstanding commitments by April 23, 2007.

91.    By separate letters dated February 5, 2007, the Receiver made demand upon Defendants Kier, Koffman and Davidson for their respective portion of the unfunded commitment of Coqui Capital Management, LLC.  The letters demanded payment in full by February 20, 2007.

92.    Each and every one of the of the Defendants has failed to remit payment in accordance with their respective Call Letters, Demand Letters or Guaranty Letters and each of the Defendants is in default of their respective obligations under the terms of the LPA, the 11/19/03 Capital Certificate and/or their guaranties.

93.    To date, the Defendants owe Coqui over $4.5 million in the aggregate plus interest and costs due pursuant to the terms of the Amended LPA.

**COUNT ONE**
**BREACH OF CONTRACT – COQUI CAPITAL MANAGEMENT**

94.    Plaintiff re-alleges and reincorporates paragraphs 1 through 93 as though fully set forth herein.

95.    Pursuant to the LPA and Amended LPA, Coqui Capital Management ("CCM") committed to invest $143,826.00 in Coqui in exchange for a one percent limited partnership interest in Coqui.

96.    Section 5.02 (c ) of the Amended LPA provides that any capital commitment amounts due from each limited partner, other than the initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.

Coqui's pre-receivership official books and records indicate that CCM's initial capital contribution was received by Coqui on or about June 30, 2000 in the form of a promissory note.

97.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon CCM for payment in full of its outstanding commitment to Coqui in the amount of $44,586.00.

98.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon CCM for payment in full of its unfunded capital commitment in the amount of $44,586.00.

99.    To date, CCM has failed to honor its obligations under the CCM Agreement, LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

100.    As a consequence of Defendant CCM's failure to honor the terms of the CCM Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $44,586.00, plus interest thereon.

**COUNT TWO**
**BREACH OF CONTRACT – ISAAC KIER**

101.    Plaintiff re-alleges and reincorporates paragraphs 1 through 100 as though fully set forth herein.

102.    On or about January 14, 2000, Defendant Isaac Kier executed a Subscription Agreement ("I Kier Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the I Kier Agreement, Defendant Isaac Kier committed to invest $2,250,000.00 in Coqui.

103.     Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Isaac Kier pursuant to Section 1 of the I Kier Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Isaac Kier's initial capital contribution was received by Coqui on or about December 6, 1999.

104.     Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Isaac Kier for payment in full of his outstanding commitment to Coqui in the amount of $697,500.00 by June 15, 2006.

105.     By letter dated August 21, 2006 and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Isaac Kier for payment in full of his unfunded capital commitment in the amount of $697,500.00 by September 1, 2006.

106.     To date, Defendant Isaac Kier has failed to honor his obligations under the Kier Agreement, LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

107.     As a consequence of Defendant Isaac Kier's failure to honor the terms of the Kier Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $697,500.00, plus interest thereon.

**COUNT THREE**

## BREACH OF CONTRACT – ISAAC KIER

108.    Plaintiff re-alleges and reincorporates paragraphs 1 through 107 as though fully set forth herein.

109.    The official books and records of Coqui as turned over to the Receiver by Coqui Capital's general partner contain a Capital Certificate dated 11/19/03.  The Capital Certificate, executed and verified as true and correct by Isaac Kier, indicates that each member of Coqui's general partner is responsible for the payment of a portion of the unfunded commitment due from Defendant CCM to Coqui.

110.    Via letters dated May 8, 2006 and August 21, 2006, respectively, the Receiver and SBA made demand upon CCM for payment in full of its outstanding commitment to Coqui in the amount of $44,586.00.

111.    To date, CCM has failed to honor the Receiver and SBA.

112.    By letter dated August 21, 2006, SBA made demand upon Defendant Isaac Kier for $14,862.00, his portion of CCM's unfunded commitment as reported in the 11/19/03 Capital Certificate, to be paid no later than September 1, 2006.

113.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Isaac Kier for $14,862.00, his portion of CCM's unfunded commitment as reported in the 11/19/03 Capital Certificate, to be paid no later than February 20, 2007.

114.    To date, Defendant Isaac Kier has failed to honor his obligations and has failed to pay his portion of CCM's unpaid capital commitment as demanded by SBA and the Receiver.

115.    As a consequence of Defendant Isaac Kier's failure to honor the demands for payment made by SBA and the Receiver, Coqui and the Coqui receivership estate has suffered, and continue to suffer, damages in the amount of $14,862.00, plus interest thereon.

## COUNT FOUR
## BREACH OF CONTRACT - JEFFREY DAVIDSON

116.    Plaintiff re-alleges and reincorporates paragraphs 1 through 115 as though fully set forth herein.

117.    On or about December 16, 1999, Defendant Jeffrey Davidson executed a Subscription Agreement ("J Davidson Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the J Davidson Agreement, Defendant Jeffrey Davidson committed to invest $510,000.00

118.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Jeffrey Davidson pursuant to Section 1 of the J Davidson Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Jeffrey Davidson's initial capital contribution was received by Coqui on or about December 6, 1999.

119.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Jeffrey Davidson for payment in full of his outstanding commitment to Coqui in the amount of $158,100.00 by June 15, 2006.

120.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Jeffrey Davidson for payment in full of his unfunded capital commitment in the amount of $158,100.00 by September 1, 2006.

121.    To date, Defendant Jeffrey Davidson has failed to honor his obligations under the

J. Davidson Agreement, LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

122.    As a consequence of Defendant Jeffrey Davidson's failure to honor the terms of the J. Davidson Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $158,100.00, plus interest thereon.

## COUNT FIVE
## BREACH OF CONTRACT – JEFFREY DAVIDSON

123.    Plaintiff re-alleges and reincorporates paragraphs 1 through 122 as though fully set forth herein.

124.    The official books and records of Coqui as turned over to the Receiver by Coqui Capital's general partner contain a Capital Certificate dated 11/19/03.  The Capital Certificate, executed and verified as true and correct by Isaac Kier, indicates that each member of Coqui's general partner is responsible for the payment of a portion of the unfunded commitment due from Defendant CCM to Coqui.

125.    Via letters dated May 8, 2006 and August 21, 2006, respectively, the Receiver and SBA made demand upon CCM for payment in full of its outstanding commitment to Coqui in the amount of $44,586.00.

126.    To date, CCM has failed to honor the demand made by the Receiver and SBA.

127.    By letter dated August 21, 2006, SBA made demand upon Defendant Jeffrey Davidson for $14,862.00, his portion of CCM's unfunded commitment as reported in the 11/19/03 Capital Certificate, to be paid no later than September 1, 2006.

128.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Jeffrey Davidson for $14,862.00, his portion of CCM's unfunded commitment as reported in the

11/19/03 Capital Certificate, to be paid no later than February 20, 2007.

129.    To date, Defendant Jeffrey Davidson has failed to honor his obligations and has failed to pay his portion of Coqui Capital Management's unpaid capital commitment as demanded by SBA and the Receiver.

130.    As a consequence of Defendant Jeffrey Davidson's failure to honor the demands for payment made by SBA and the Receiver, the Coqui receivership estate has suffered, and continues to suffer, damages in the amount of $14,862.00, plus interest thereon.

## COUNT SIX
## BREACH OF CONTRACT – JEFFREY KOFFMAN

131.    Plaintiff re-alleges and reincorporates paragraphs 1 through 130 as though fully set forth herein.

132.    On or about February 16, 2000, Defendant Jeffrey Koffman, along with Defendant Allison Koffman, executed a Subscription Agreement ("J Koffman Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the J Koffman Agreement, Defendant Jeffrey Koffman, along with defendant Allison Koffman, committed to invest $155,000.00 in Coqui.

133.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Jeffrey Koffman pursuant to Section 1 of the J Koffman Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Jeffrey Koffman's initial capital contribution was received by Coqui on or about March 6, 2000.

134.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Jeffrey Koffman for payment in full of his outstanding commitment to Coqui in the amount of $54,250.00 by June 15, 2006.

135.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Jeffrey Koffman for payment in full of his unfunded capital commitment in the amount of $54,250.00 by September 1, 2006.

136.    To date, Defendant Jeffrey Koffman has failed to honor his obligations under the J. Koffman Agreement, LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

137.    As a consequence of Defendant Jeffrey Koffman's failure to honor the terms of the J. Koffman Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $54,250.00, plus interest thereon.

## COUNT SEVEN
## BREACH OF CONTRACT – JEFFREY KOFFMAN

138.    Plaintiff re-alleges and reincorporates paragraphs 1 through 137 as though fully set forth herein.

139.    The official books and records of Coqui as turned over to the Receiver by Coqui Capital's general partner contain a Capital Certificate dated 11/19/03.  The Capital Certificate, executed and verified as true and correct by Isaac Kier, indicates that each member of Coqui's general partner is responsible for the payment of a portion of the unfunded commitment due from Defendant CCM to Coqui.

140.    Via letters dated May 8, 2006 and August 21, 2006, respectively, the Receiver and SBA made demand upon CCM for payment in full of its outstanding commitment to Coqui

in the amount of $44,586.00.

141.    To date, CCM has failed to honor the demands made by the Receiver and SBA.

142.    By letter dated August 21, 2006, SBA made demand upon Defendant Jeffrey Koffman for $14,862.00, his portion of Coqui Capital Management's unfunded commitment as reported in the 11/19/03 Capital Certificate, to be paid no later than September 1, 2006.

143.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Jeffrey Koffman for $14,862.00, his portion of Coqui Capital Management's unfunded commitment as reported in the 11/19/03 Capital Certificate, to be paid no later than February 20, 2007.

144.    To date, Defendant Jeffrey Koffman has failed to honor his obligations and has failed to pay his portion of Coqui Capital Management's unpaid capital commitment as demanded by the Receiver and SBA.

145.    As a consequence of Defendant Jeffrey Koffman's failure to honor the demands for payment made by SBA and the Receiver, the Coqui receivership estate has suffered, and continues to suffer, damages in the amount of $14,862.00, plus interest thereon.

### COUNT EIGHT
### BREACH OF CONTRACT – ALLISON KOFFMAN

146.    Plaintiff re-alleges and reincorporates paragraphs 1 through 145 as though fully set forth herein.

147.    On or about February 16, 2000, Defendant Allison Koffman, along with Defendant Jeffrey Koffman, executed the J Koffman Agreement between herself and Coqui Capital Partners, LP.  Pursuant to the J Koffman Agreement, Defendant Allison, along with Defendant Jeffrey Koffman, committed to invest $155,000.00 in Coqui.

148.     Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Allison Koffman pursuant to Section 1 of the J Koffman Agreement, provides that any capital

commitment amounts due from each limited partner, other than initial capital contribution, shall

be paid in such amounts and at such time as determined by the General Partner in its sole

discretion. Coqui's pre-receivership official books and records indicate that Defendant Allison

Koffman's initial capital contribution was received by Coqui on or about March 6, 2000.

149.     Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Allison Koffman for payment in full of her outstanding

commitment to Coqui in the amount of $54,250.00 by June 15, 2006.

150.     By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Allison Koffman for payment in full of her unfunded capital commitment in the

amount of $54,250.00 by September 1, 2006.

151.     To date, Defendant Allison Koffman has failed to honor her obligations under the

J. Koffman Agreement, LPA and the Amended LPA and has failed to pay her capital

contribution as demanded by the Receiver and SBA.

152.     As a consequence of Defendant Allison Koffman's failure to honor the terms of

the J. Koffman Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui

receivership estate have suffered, and continue to suffer, damages in the amount of $54,250.00,

plus interest thereon.

## COUNT NINE
## BREACH OF CONTRACT – MARTIN BANDIER

153.     Plaintiff re-alleges and reincorporates paragraphs 1 through 152 as though fully

set forth herein.

154.    On or about February 3, 2000, Defendant Martin Bandier executed a Subscription Agreement ("Bandier Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Bandier Agreement, Defendant Bandier committed to invest $1,000,000.00 in Coqui.

155.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Bandier under Section 1 of the Bandier Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Bandier's first capital contribution was received by Coqui on or bout March 6, 2000.

156.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Bandier for payment in full of his outstanding commitment to Coqui in the amount of $310,000.00 by June 15, 2006.

157.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Bandier for payment in full of his unfunded capital commitment in the amount of $310,000.00 by September 1, 2006.

158.    To date, Defendant Bandier has failed to honor his obligations under the Bandier Agreement, LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

159.    As a consequence of Defendant Bandier's failure to honor the terms of the CCM Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership

estate have suffered, and continue to suffer, damages in the amount of $310,000.00, plus interest thereon.

## COUNT TEN
## BREACH OF CONTRACT – LOUIS BUCK

160.    Plaintiff re-alleges and reincorporates paragraphs 1 through 159 as though fully set forth herein.

161.    On or about November 17, 1999, Defendant Louis Buck executed a Subscription Agreement ("Buck Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Buck Agreement, Defendant Bandier committed to invest $150,000.00 in Coqui.

162.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Buck under Section 1 of the Buck Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Buck's first capital contribution was received by Coqui on or about February 24, 2000**.**

163.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Buck for payment in full of his outstanding commitment to Coqui in the amount of $46,500.00 by June 15, 2006.

164.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Buck for payment in full of his unfunded capital commitment in the amount of $46,500.00 by September 1, 2006.

165.    To date, Defendant Buck has failed to honor his obligations under the Buck

Agreement, LPA and the Amended LPA and has failed to pay his capital contribution as

demanded by the Receiver and SBA.

166.    As a consequence of Defendant Buck's failure to honor the terms of the CCM

Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership

estate have suffered, and continue to suffer, damages in the amount of $46,500.00, plus interest

thereon.

**COUNT ELEVEN**
**BREACH OF CONTRACT – CHAZEN CAPITAL PARTNERS**

167.    Plaintiff re-alleges and reincorporates paragraphs 1 through 166 as though fully

set forth herein.

168.    On or about February 17, 2000, Defendant Chazen Capital Partners ("CCP")

executed a Subscription Agreement ("CCP Agreement") between itself and Coqui Capital

Partners, LP.  Pursuant to the CCP Agreement, CCP committed to invest $1,000,000.00 in

Coqui.

169.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by CCP

under Section 1 of the CCP Agreement,  provides that any capital commitment amounts due

from each limited partner, other than initial capital contribution, shall be paid in such amounts

and at such time as determined by the General Partner in its sole discretion. Coqui's pre-

receivership official books and records indicate that CCP's first capital contribution was

received by Coqui on or about March 9, 2000.

170.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon CCP for payment in full of its outstanding commitment to Coqui in

the amount of $310,000.00 by June 15, 2006.

171.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon CCP for payment in full of its unfunded capital commitment in the amount of $310,000.00 by September 1, 2006.

172.    To date, Defendant CCP has failed to honor its obligations under the CCM Agreement, LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

173.    As a consequence of Defendant CCP's failure to honor the terms of the CCP Agreement, LPA and the Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $310,000.00, plus interest thereon.

## COUNT TWELVE
## BREACH OF CONTRACT – CLUB SIDE HOLDINGS

174.    Plaintiff re-alleges and reincorporates paragraphs 1 through 173 as though fully set forth herein.

175.    On or about January 20, 2000, Defendant Club Side Holdings ("CSH") executed a Subscription Agreement ("CSH Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the CSH Agreement, Defendant CSH committed to invest $125,000.00 in Coqui.

176.    On or about January, 2000, Defendant CSH appointed Coqui Capital partners, LP as its agent for service of process.

177.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant CSH under Section 1 of the CSH Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant CSH's first capital contribution was received by Coqui on or about March 9, 2000.

178.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant CSH for payment in full of its outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

179.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant CSH for payment in full of its unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

180.    To date, Defendant CSH has failed to honor its obligations under the CSH Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

181.    As a consequence of Defendant CSH's failure to honor the terms of the CSH Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT THIRTEEN
## BREACH OF CONTRACT – LAWRENCE COBEN

182.    Plaintiff re-alleges and reincorporates paragraphs 1 through 181 as though fully

set forth herein.

183.    On or about March 20, 2000, Defendant Lawrence Coben executed a Subscription Agreement ("Coben Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Coben Agreement, Defendant Coben committed to invest $250,000.00 in Coqui.

184.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Coben under Section 1 of the Coben Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Coben's first capital contribution was received by Coqui on or about March 3, 2000.

185.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Coben for payment in full of his outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

186.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Coben for payment in full of his unfunded capital commitment in the amount of $77,500.00 by September 1, 2006.

187.    To date, Defendant Coben has failed to honor his obligations under the Coben Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

188.    As a consequence of Defendant Coben's failure to honor the terms of the Coben Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate

have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest thereon.

## COUNT FOURTEEN
## BREACH OF CONTRACT – ARTHUR DAVIDSON

189.    Plaintiff re-alleges and reincorporates paragraphs 1 through 188 as though fully set forth herein.

190.    On or about February 17, 2000, Defendant Arthur Davidson executed a Subscription Agreement ("A Davidson Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the A Davidson Agreement, Defendant Davidson committed to invest $50,000.00 in Coqui.

191.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Arthur Davidson under Section 1 of the Davidson Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Arthur Davidson's first capital contribution was received by Coqui on or about March 7, 2000.

192.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Arthur Davidson for payment in full of his outstanding commitment to Coqui in the amount of $15,500.00 by June 15, 2006.

193.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Arthur Davidson for payment in full of his unfunded capital commitment in the amount of $15,500.00 by September 1, 2006.

194.    To date, Defendant Arthur Davidson has failed to honor his obligations under the A Davidson, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

195.    As a consequence of Defendant Arthur Davidson's failure to honor the terms of the A Davidson Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $15,500.00, plus interest thereon.

**COUNT FIFTEEN**
**BREACH OF CONTRACT – DONNA DAVIDSON**

196.    Plaintiff re-alleges and reincorporates paragraphs 1 through 195 as though fully set forth herein.

197.    On or about December 21, 1999, Defendant Donna Davidson, along with Defendant Rick Davidson, executed a Subscription Agreement ("R Davidson Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the R Davidson Agreement, Defendant Donna Davidson committed to invest $200,000.00 in Coqui.

198.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Donna Davidson under Section 1 of the R Davidson Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Donna Davidson's first capital contribution was received by Coqui on or about March 7, 2000.

199.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Donna Davidson for payment in full of her outstanding

commitment to Coqui in the amount of $62,000.00 by June 15, 2006.

200.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Donna Davidson for payment in full of her unfunded capital commitment in the amount of $62,000.00 by September 1, 2006.

201.    To date, Defendant Donna Davidson has failed to honor her obligations under the R Davidson Agreement, the LPA and the Amended LPA and has failed to pay her capital contribution as demanded by the Receiver and SBA.

202.    As a consequence of Defendant Donna Davidson's failure to honor the terms of the R Davidson Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $62,000.00, plus interest thereon.

## COUNT SIXTEEN
## BREACH OF CONTRACT – RICK DAVIDSON

203.    Plaintiff re-alleges and reincorporates paragraphs 1 through 202 as though fully set forth herein.

204.    On or about December 21, 1999, Defendant Rick Davidson, along with Defendant Donna Davidson, executed a Subscription Agreement ("R Davidson Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the R Davidson Agreement, Defendant Rick Davidson committed to invest $200,000.00 in Coqui.

205.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Rick Davidson under Section 1 of the R Davidson Agreement,  provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole

discretion. Coqui's pre-receivership official books and records indicate that Defendant Rick Davidson's first capital contribution was received by Coqui on or about March 7, 2000.

206.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Rick Davidson for payment in full of his outstanding commitment to Coqui in the amount of $62,000.00 by June 15, 2006.

207.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Rick Davidson for payment in full of his unfunded capital commitment in the amount of $62,000.00 by September 1, 2006.

208.    To date, Defendant Rick Davidson has failed to honor his obligations under the R Davidson Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

209.    As a consequence of Defendant Rick Davidson's failure to honor the terms of the R Davidson Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $62,000.00, plus interest thereon.


## COUNT SEVENTEEN
## BREACH OF CONTRACT – MICHAEL DELIKAT

210.    Plaintiff re-alleges and reincorporates paragraphs 1 through 209 as though fully set forth herein.

211.    On or about January 21, 2000, Defendant Michael Delikat executed a Subscription Agreement ("Delikat Agreement") between himself and Coqui Capital Partners,

LP.  Pursuant to the Delikat Agreement, Defendant Delikat committed to invest $125,000.00 in Coqui.

212.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Delikat under Section 1 of the Delikat Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Delikat's first capital contribution was received by Coqui on or about March 9, 2000.

213.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Delikat for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

214.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Delikat for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

215.    To date, Defendant Delikat has failed to honor his obligations under the Delikat Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

216.    As a consequence of Defendant Delikat's failure to honor the terms of the Delikat Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT EIGHTEEN
## BREACH OF CONTRACT – S. MARK ERENSTEIN

217.    Plaintiff re-alleges and reincorporates paragraphs 1 through 216 as though fully set forth herein.

218.    On or about January 21, 2000, Defendant S. Mark Erenstein executed a Subscription Agreement ("Erenstein Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Erenstein Agreement, Defendant Erenstein committed to invest $100,000.00 in Coqui.

219.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Erenstein under Section 1 of the Erenstein Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Erenstein's first capital contribution was received by Coqui on or about February 29, 2000.

220.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Erenstein for payment in full of his outstanding commitment to Coqui in the amount of $31,000.00 by June 15, 2006.

221.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Erenstein  for payment in full of his unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

222.    To date, Defendant Erenstein has failed to honor his obligations under the

Erenstein Agreement, the LPA and the Amended LPA and has failed to pay his capital

contribution as demanded by the Receiver and SBA.

223.    As a consequence of Defendant Erenstein's failure to honor the terms of the

Erenstein Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui

receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00,

plus interest thereon.

## COUNT NINETEEN
## BREACH OF CONTRACT – ROGER GLADSTONE

224.    Plaintiff re-alleges and reincorporates paragraphs 1 through 223 as though fully

set forth herein.

225.    On or about March 20, 2000, Defendant Roger Gladstone executed a Subscription

Agreement ("Gladstone Agreement") between himself and Coqui Capital Partners, LP.  Pursuant

to the Gladstone Agreement, Defendant Gladstone committed to invest $125,000.00 in Coqui.

226.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Gladstone under Section 1 of the Gladstone Agreement, provides that any capital commitment

amounts due from each limited partner, other than initial capital contribution, shall be paid in

such amounts and at such time as determined by the General Partner in its sole discretion.

Coqui's pre-receivership official books and records indicate that Defendant Gladstone's first

capital contribution was received by Coqui on or about March 8, 2000.

227.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Gladstone for payment in full of his outstanding

commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

228.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Gladstone for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

229.    To date, Defendant Gladstone has failed to honor his obligations under the Gladstone Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

230.    As a consequence of Defendant Gladstone's failure to honor the terms of the Gladstone Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT TWENTY
## BREACH OF CONTRACT – GABRIEL GOLAN

231.    Plaintiff re-alleges and reincorporates paragraphs 1 through 230 as though fully set forth herein.

232.    On or about January 3, 2000, Defendant Gabriel Golan executed a Subscription Agreement ("Golan Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Golan Agreement, Defendant Golan committed to invest $150,000.00 in Coqui.

233.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Golan under Section 1 of the Golan Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's

pre-receivership official books and records indicate that Defendant Golan's first capital contribution was received by Coqui on or about March 3, 2000.

234.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Golan for payment in full of his outstanding commitment to Coqui in the amount of $46,500.00 by June 15, 2006.

235.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Golan for payment in full of his unfunded capital commitment in the amount of $46,500.00 by September 1, 2006.

236.    To date, Defendant Golan has failed to honor his obligations under the Golan Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

237.    As a consequence of Defendant Golan's failure to honor the terms of the Golan Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $46,500.00, plus interest thereon.

## COUNT TWENTY ONE
## BREACH OF CONTRACT – RICHARD GOLDBERG

238.    Plaintiff re-alleges and reincorporates paragraphs 1 through 237 as though fully set forth herein.

239.    On or about February 18, 2000, Defendant Richard Goldberg executed a Subscription Agreement ("Goldberg Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Gladstone Agreement, Defendant Gladstone committed to invest

$600,000.00 in Coqui.

240.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Goldberg under Section 1 of the Goldberg Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Goldberg's first capital contribution was received by Coqui on or about March 6, 2000.

241.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Goldberg for payment in full of his outstanding commitment to Coqui in the amount of $186,000.00 by June 15, 2006.

242.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Goldberg for payment in full of his unfunded capital commitment in the amount of $186,000.00 by September 1, 2006.

243.    To date, Defendant Goldberg has failed to honor his obligations under the Goldberg Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

244.    As a consequence of Defendant Goldberg's failure to honor the terms of the Goldberg Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $186,000.00, plus interest thereon.

**COUNT TWENTY TWO**
**BREACH OF CONTRACT – LYNDA GOLDSCHEIN**

245.    Plaintiff re-alleges and reincorporates paragraphs 1 through 244 as though fully set forth herein.

246.    On or about November 1, 1999, Defendant Lynda Goldschein executed a Subscription Agreement ("Goldschein Agreement") between herself and Coqui Capital Partners, LP.  Pursuant to the Goldschein Agreement, Defendant Goldschein committed to invest $400,000.00 in Coqui.

247.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Goldschein under Section 1 of the Goldschein Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Goldschein's first capital contribution was received by Coqui on or about February 24, 2000**.**

248.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Goldschein for payment in full of her outstanding commitment to Coqui in the amount of $124,000.00 by June 15, 2006.

249.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Goldschein for payment in full of her unfunded capital commitment in the amount of $124,000.00 by September 1, 2006.

250.    To date, Defendant Goldschein has failed to honor her obligations under the Goldschein Agreement, the LPA and the Amended LPA and has failed to pay her capital contribution as demanded by the Receiver and SBA.

251.    As a consequence of Defendant Goldschein's failure to honor the terms of the Goldschein Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $124,000.00, plus interest thereon.

### COUNT TWENTY THREE
### BREACH OF CONTRACT – MICHAEL GRISANTI

252.    Plaintiff re-alleges and reincorporates paragraphs 1 through 251 as though fully set forth herein.

253.    On or about March 20, 2000, Defendant Michael Grisanti executed a Subscription Agreement ("Grisanti Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Grisanti Agreement, Defendant Grisanti committed to invest $125,000.00 in Coqui.

254.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Grisanti under Section 1 of the Grisanti Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Grisanti's first capital contribution was received by Coqui on or about March 20, 2000**.**

255.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Grisanti for payment in full of his outstanding commitment to Coqui in the amount of $16,663.00 by June 15, 2006.

256.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Grisanti for payment in full of his unfunded capital commitment in the amount of

$16,663.00 by September 1, 2006.

257.    To date, Defendant Grisanti has failed to honor his obligations under the Grisanti

Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as

demanded by the Receiver and SBA.

258.    As a consequence of Defendant Grisanti's failure to honor the terms of the

Grisanti Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership

estate have suffered, and continue to suffer, damages in the amount of $16,663.00, plus interest

thereon.

**COUNT TWENTY FOUR**
**BREACH OF CONTRACT – MICHAEL HARD**

259.    Plaintiff re-alleges and reincorporates paragraphs 1 through 258 as though fully

set forth herein.

260.    On or about February 16, 2000, Defendant Michael Hard executed a Subscription

Agreement ("Hard Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to

the Hard Agreement, Defendant Hard committed to invest $100,000.00 in Coqui.

261.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Hard under Section 1 of the Hard Agreement, provides that any capital commitment amounts due

from each limited partner, other than initial capital contribution, shall be paid in such amounts

and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-

receivership official books and records indicate that Defendant Hard's first capital contribution

was received by Coqui on or about March 3, 2000**.**

262.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Hard for payment in full of his outstanding commitment

to Coqui in the amount of $31,000.00 by June 15, 2006.

263.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Hard for payment in full of his unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

264.    To date, Defendant Hard has failed to honor his obligations under the Hard Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

265.    As a consequence of Defendant Hard's failure to honor the terms of the Hard Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

**COUNT TWENTY FIVE**
**BREACH OF CONTRACT – IRM ASSOCIATES**

266.    Plaintiff re-alleges and reincorporates paragraphs 1 through 265 as though fully set forth herein.

267.    On or about December 1, 1999, Defendant IRM Associates executed a Subscription Agreement ("IRM Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the IRM Agreement, Defendant IRM committed to invest $500,000.00 in Coqui.

268.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant IRM under Section 1 of the IRM Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-

receivership official books and records indicate that Defendant IRM's first capital contribution

was received by Coqui on or about March 7, 2000.

269.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant IRM for payment in full of its outstanding commitment

to Coqui in the amount of $155,000.00 by June 15, 2006.

270.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant IRM for payment in full of its unfunded capital commitment in the amount of

$155,000.00 by September 1, 2006.

271.    To date, Defendant IRM has failed to honor its obligations under the IRM

Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as

demanded by the Receiver and SBA.

272.    As a consequence of Defendant IRM's failure to honor the terms of the  IRM

Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate

have suffered, and continue to suffer, damages in the amount of $155,000.00, plus interest

thereon.

## COUNT TWENTY SIX
## BREACH OF CONTRACT – ELLEN SUE KIER

273.    Plaintiff re-alleges and reincorporates paragraphs 1 through 272 as though fully

set forth herein.

274.    On or about January 5, 2000, Defendant Ellen Sue Kier executed a Subscription

Agreement ("Ellen Kier Agreement") between herself and Coqui Capital Partners, LP.  Pursuant

to the Ellen Kier Agreement, Defendant Ellen Sue Kier committed to invest $250,000.00 in

Coqui.

275.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Ellen Sue Kier under Section 1 of the Ellen Kier Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Ellen Sue Kier's first capital contribution was received by Coqui on or about March 7, 2000.

276.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Ellen Kier for payment in full of her outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

277.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Ellen Kier for payment in full of her unfunded capital commitment in the amount of $77,500.00 by September 1, 2006.

278.    To date, Defendant Ellen Kier has failed to honor her obligations under the Ellen Kier Agreement, the LPA and the Amended LPA and has failed to pay her capital contribution as demanded by the Receiver and SBA.

279.    As a consequence of Defendant Ellen Kier's failure to honor the terms of the Ellen Kier Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest thereon.

## COUNT TWENTY SEVEN
## BREACH OF CONTRACT – EFRAIM KIER

280.    Plaintiff re-alleges and reincorporates paragraphs 1 through 279 as though fully

set forth herein.

281.    On or about March 20, 2000, Defendant Efraim Kier, along with Defendant Sara

Kier, executed a Subscription Agreement ("Efraim Kier Agreement") between himself and

Coqui Capital Partners, LP.  Pursuant to the Efraim Kier Agreement, Defendant Efraim Kier

committed to invest $125,000.00 in Coqui.

282.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Efraim Kier under Section 1 of the Efraim Kier Hard Agreement, provides that any capital

commitment amounts due from each limited partner, other than initial capital contribution, shall

be paid in such amounts and at such time as determined by the General Partner in its sole

discretion.  Coqui's pre-receivership official books and records indicate that Defendant Efraim

Kier's first capital contribution was received by Coqui on or about March 7, 2000**.**

283.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Efraim Kier for payment in full of his outstanding

commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

284.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Efraim Kier for payment in full of his unfunded capital commitment in the amount of

$38,750.00 by September 1, 2006.

285.    To date, Defendant Efraim Kier has failed to honor his obligations under the

Efraim Kier Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

286.    As a consequence of Defendant Efraim Kier's failure to honor the terms of the Efraim Kier Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT TWENTY EIGHT
## BREACH OF CONTRACT – SARA KIER

287    Plaintiff re-alleges and reincorporates paragraphs 1 through 286 as though fully set forth herein.

288.    On or about March 20, 2000, Defendant Sara Kier, along with Defendant Efraim Kier, executed a Subscription Agreement ("Efraim Kier Agreement") between herself and Coqui Capital Partners, LP.  Pursuant to the Efraim Kier Agreement, Defendant Sara Kier committed to invest $125,000.00 in Coqui.

289.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Sara Kier under Section 1 of the Efraim Kier Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Sara Kier's first capital contribution was received by Coqui on or about March 7, 2000.

290.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Sara Kier for payment in full of her outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

291.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Sara Kier for payment in full of her unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

292.    To date, Defendant Sara Kier has failed to honor her obligations under the Efraim Kier Agreement, the LPA and the Amended LPA and has failed to pay her capital contribution as demanded by the Receiver and SBA.

293.    As a consequence of Defendant Sara Kier's failure to honor the terms of the Efraim Kier Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT TWENTY NINE
## BREACH OF CONTRACT – DEFENDANT RALPH KIER

294.    Plaintiff re-alleges and reincorporates paragraphs 1 through 293 as though fully set forth herein.

295.    On or about December 31, 1999, Defendant Ralph Kier executed a Subscription Agreement ("R Kier Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the R Kier Agreement, Defendant Ralph Kier committed to invest $250,000.00 in Coqui.

296.    Section 5.02 (c) of the Amended LPA, accepted and acknowledged by Defendant Ralph Kier under Section 1 of the Ralph Kier Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Ralph Kier's first capital contribution was received by Coqui on or about February 24, 2000**.**

297.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Ralph Kier for payment in full of his outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

298.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Ralph Kier for payment in full of his unfunded capital commitment in the amount of $77,500.00 by September 1, 2006.

299.    To date, Defendant Ralph Kier has failed to honor his obligations under the R Kier Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

300.    As a consequence of Defendant Ralph Kier's failure to honor the terms of the R Kier Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest thereon.

## COUNT THIRTY
## BREACH OF CONTRACT – DAVID KOFFMAN

301.    Plaintiff re-alleges and reincorporates paragraphs 1 through 300 as though fully set forth herein.

302.    On or about February 17, 2000, Defendant David Koffman executed a Subscription Agreement ("D Koffman Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the D Koffman Agreement, Defendant David Koffman committed to invest $100,000.00 in Coqui.

303.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant David Koffman under Section 1 of the D Koffman Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant David Koffman's first capital contribution was received by Coqui on or about March 7, 2000.

304.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant David Koffman for payment in full of his outstanding commitment to Coqui in the amount of $31,000.00 by June 15, 2006.

305.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant David Koffman for payment in full of his unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

306.    To date, Defendant David Koffman has failed to honor his obligations under the D Koffman Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

307.    As a consequence of Defendant David Koffman's failure to honor the terms of the D Koffman Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

## COUNT THIRTY ONE
## BREACH OF CONTRACT – BURTON KOFFMAN

308.    Plaintiff re-alleges and reincorporates paragraphs 1 through 307 as though fully

set forth herein.

309.    On or about February 16, 2000, Defendant Burton Koffman, along with Defendant Ruthann Koffman, executed a Subscription Agreement ("B Koffman Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the B Koffman Agreement, Defendant B Koffman committed to invest $500,000.00 in Coqui.

310.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Burton Koffman under Section 1 of the B Koffman Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Burton Koffman's first capital contribution was received by Coqui on or about February 28, 2000.

311.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Burton Koffman for payment in full of his outstanding commitment to Coqui in the amount of $160,000.00 by June 15, 2006.

312.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Burton Koffman for payment in full of his unfunded capital commitment in the amount of $160,000.00 by September 1, 2006.

313.    To date, Defendant Burton Koffman has failed to honor his obligations under the B Koffman Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

314.    As a consequence of Defendant Burton Koffman's failure to honor the terms of the B Koffman Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $160,000.00, plus interest thereon.

## COUNT THIRTY TWO
## BREACH OF CONTRACT – RUTHANN KOFFMAN

315.    Plaintiff re-alleges and reincorporates paragraphs 1 through 314 as though fully set forth herein.

316.    On or about February 16, 2000, Defendant Ruthann Koffman, along with Defendant Burton Koffman, executed a Subscription Agreement ("B Koffman Agreement") between herself and Coqui Capital Partners, LP.  Pursuant to the B Koffman Agreement, Defendant Ruthann Koffman committed to invest $500,000.00 in Coqui.

317.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Ruthann Koffman under Section 1 of the B Koffman Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Ruthann Koffman's first capital contribution was received by Coqui on or about February 28, 2000**.**

318.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Ruthann Koffman for payment in full of her outstanding commitment to Coqui in the amount of $160,000.00 by June 15, 2006.

319.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Ruthann Koffman for payment in full of her unfunded capital commitment in the amount of $160,000.00 by September 1, 2006.

320.    To date, Defendant Ruthann Koffman has failed to honor her obligations under the B Koffman Agreement, the LPA and the Amended LPA and has failed to pay her capital contribution as demanded by the Receiver and SBA.

321.    As a consequence of Defendant Ruthann Koffman's failure to honor the terms of the B Koffman Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $160,000.00 plus interest thereon.

## COUNT THIRTY THREE
### BREACH OF CONTRACT – RON KRAMER

322.    Plaintiff re-alleges and reincorporates paragraphs 1 through 321 as though fully set forth herein.

323.    On or about February 17, 2000, Defendant Ron Kramer executed a Subscription Agreement ("Kramer Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Kramer Agreement, Defendant Kramer committed to invest $100,000.00 in Coqui.

324.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Kramer under Section 1 of the Kramer Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Kramer's first capital contribution was received by Coqui on or about March 3, 2000.

325.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Kramer for payment in full of his outstanding commitment to Coqui in the amount of $31,000.00 by June 15, 2006.

326.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Kramer for payment in full of his unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

327.    To date, Defendant Kramer has failed to honor his obligations under the Kramer Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

328.    As a consequence of Defendant Kramer's failure to honor the terms of the Kramer Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

## COUNT THIRTY FOUR
## BREACH OF CONTRACT - MICHAEL KUBIN

329.    Plaintiff re-alleges and reincorporates paragraphs 1 through 328 as though fully set forth herein.

330.    On or about February 14, 2000, Defendant Michael Kubin executed a Subscription Agreement ("Kubin Agreement") between himself and Coqui Capital Partners, LP. Pursuant to the Kubin Agreement, Defendant Kubin committed to invest $100,000.00 in Coqui.

331.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Kubin under Section 1 of the Kubin Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's

pre-receivership official books and records indicate that Defendant Kubin's first capital contribution was received by Coqui on or about March 3, 2000.

332. Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Kubin for payment in full of his outstanding commitment to Coqui in the amount of $31,000.00 by June 15, 2006.

333. By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Kubin for payment in full of his unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

334. To date, Defendant Kubin has failed to honor his obligations under the Kubin Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

335. As a consequence of Defendant Kubin's failure to honor the terms of the Kubin Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

## COUNT THIRTY FIVE
## BREACH OF CONTRACT – DAVID LAYTON

336. Plaintiff re-alleges and reincorporates paragraphs 1 through 335 as though fully set forth herein.

337. On or about April 24, 2000, Defendant David Layton executed a guaranty ("Layton Guaranty") and guaranteed the payment of the unfunded commitment due from Defendant LK2St, Ltd. to Coqui.

338.    Via separate letters dated March 28, 2007, the Receiver and SBA made demand upon Defendant LK2St. Ltd. for payment in full of its outstanding commitment to Coqui in the amount of $38,750.00.

339.    To date, Defendant LK2St, Ltd. has failed to honor the demands made by the Receiver and SBA.

340.    By letter dated April 10, 2007, the Receiver made demand upon Defendant Layton for $38,750.00 under the Layton Guaranty to be paid no later than April 23, 2007.

341.    By letter dated April 16, 2007, SBA made demand upon Defendant Layton for $38,750.00 under the Layton Guaranty to be paid no later than April 23, 2007.

342.    To date, Defendant Layton has failed to honor his obligations under the Layton Guaranty and has failed to pay Defendant LK2St's unpaid capital commitment.

343.    As a consequence of Defendant Layton's failure to honor the terms of the Layton Guaranty, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT THIRTY SIX
## BREACH OF CONTRACT – LK2ST, LTD.

344.    Plaintiff re-alleges and reincorporates paragraphs 1 through 343 as though fully set forth herein.

345.    On or about April 11, 2000, Defendant LK2ST, Ltd. executed a Subscription Agreement ("LK2 Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the LK2 Agreement, Defendant LK2 committed to invest $125,000.00 in Coqui.

346.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant LK2 under Section 1 of the LK2 Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts

and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant LK2's first capital contribution was received by Coqui on or about March 20, 2000.

347.     Via letter dated March 28, 2007, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant LK2 for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by April 9, 2007.

348.     By letter dated March 28, 2007, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant LK2 for payment in full of its unfunded capital commitment in the amount of $38,750.00 by April 9, 2007.

349.     To date, Defendant LK2 has failed to honor its obligations under the LK2 Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

350.     As a consequence of Defendant LK2's failure to honor the terms of the LK2 Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT THIRTY SEVEN
## BREACH OF CONTRACT – ALBERT LYONS

351.     Plaintiff re-alleges and reincorporates paragraphs 1 through 350 as though fully set forth herein.

352.     On or about February 11, 2000, Defendant Albert Lyons executed a guaranty ("Lyons Guaranty") and guaranteed the payment of the unfunded commitment due from

Defendant Vestal Venture Capital to Coqui.

353.    Via letter dated May 8, 2006, the Receiver made demand upon Defendant Vestal Venture Capital for payment in full of its outstanding commitment to Coqui in the amount of $62,000.00.

354.    Via letter dated August 21, 2006, SBA, the federal regulator and third party beneficiary, made demand upon Defendant Vestal Venture Capital for payment in full of its outstanding commitment to Coqui in the amount of $62,000.00.

355.    To date, Defendant Vestal Venture Capital has failed to honor the demands made by the Receiver and SBA.

356.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Lyons for $62,000.00 under the Lyons Guaranty to be paid no later than February 20, 2007.

357.    By letter dated February 5, 2007, SBA made demand upon Defendant Lyons for $62,000.00 under the Lyons Guaranty to be paid no later than February 20, 2007.

358.    To date, Defendant Lyons has failed to honor his obligations under the Layton Guaranty and has failed to pay Defendant Vestal Venture Capital's unpaid capital commitment.

359.    As a consequence of Defendant Lyon's failure to honor the terms of the Layton Guaranty, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $62,000.00, plus interest thereon.

## COUNT THIRTY EIGHT
## BREACH OF CONTRACT – MARLIN EQUITIES, LLC

360.    Plaintiff re-alleges and reincorporates paragraphs 1 through 359 as though fully set forth herein.

361.    On or about February 10, 2000, Defendant Marlin Equities, LLC executed a Subscription Agreement ("Marlin Agreement") between itself  and Coqui Capital Partners, LP.

Pursuant to the Marlin Agreement, Defendant Marlin Equities committed to invest $250,000.00 in Coqui.

362.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Marlin Equities under Section 1 of the Marlin Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Marlin Equities's first capital contribution was received by Coqui on or about March 9, 2000.

363.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Marlin Equities for payment in full of its outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

364.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Marlin Equities payment in full of its unfunded capital commitment in the amount of $77,500.00 by September 1, 2006.

365.    To date, Defendant Marlin Equities has failed to honor its obligations under the Marlin Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

366.    As a consequence of Marlin Equities's failure to honor the terms of the Marlin Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest thereon.

## COUNT THIRTY NINE
## BREACH OF CONTRACT – IRMA MASLOW

367.    Plaintiff re-alleges and reincorporates paragraphs 1 through 366 as though fully set forth herein.

368.    On or about February 14, 2000, Defendant Irma Maslow executed a guaranty ("Maslow Guaranty") and guaranteed the payment of the unfunded commitment due from Defendant IRM Associates to Coqui.

369.    Via letter dated May 8, 2006, the Receiver made demand upon Defendant IRM Associates for payment in full of its outstanding commitment to Coqui in the amount of $155,000.00.

370.    Via letter dated August 21, 2006, SBA, the federal regulator and third party beneficiary, made demand upon Defendant IRM Associates for payment in full of its outstanding commitment to Coqui in the amount of $155,000.00.

371.    To date, Defendant IRM Associates has failed to honor the demands made by the Receiver and SBA.

372.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Maslow for $155,000.00 under the Maslow Guaranty to be paid no later than February 20, 2007.

373.    By letter dated February 5, 2007, SBA made demand upon Defendant Maslow for $155,000.00 under the Maslow Guaranty to be paid no later than February 20, 2007.

374.    To date, Defendant Maslow has failed to honor her obligations under the Maslow Guaranty and has failed to pay Defendant IRM Associates's unpaid capital commitment.

375.    As a consequence of Defendant Maslow's failure to honor the terms of the Maslow Guaranty, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $155,000.00, plus interest thereon.

## COUNT FORTY
## BREACH OF CONTRACT – ERIC OSSERMAN

376.    Plaintiff re-alleges and reincorporates paragraphs 1 through 375 as though fully set forth herein.

377.    On or about February 17, 2000, Defendant Eric Osserman executed a Subscription Agreement ("Osserman Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Osserman Agreement, Defendant Osserman committed to invest $250,000.00 in Coqui.

378.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Osserman under Section 1 of the Osserman Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Osserman's first capital contribution was received by Coqui on or about March 7, 2000.

379.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Osserman for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

380.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Osserman for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

381.    To date, Defendant Osserman has failed to honor his obligations under the

Osserman Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

382.    As a consequence of Defendant Osserman's failure to honor the terms of the Osserman Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## COUNT FORTY ONE
## BREACH OF CONTRACT – HOWARD PEARL

383.    Plaintiff re-alleges and reincorporates paragraphs 1 through 382 as though fully set forth herein.

384.    On or about March 9, 2000, Defendant Howard Pearl executed a Subscription Agreement ("Pearl Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Pearl Agreement, Defendant Pearl committed to invest $250,000.00 in Coqui.

385.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Pearl under Section 1 of the Pearl Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Pearl's first capital contribution was received by Coqui on or about March 21, 2000**.**

386.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Pearl for payment in full of his outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

387.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Pearl for payment in full of his unfunded capital commitment in the amount of $77,500.00 by September 1, 2006.

388.    To date, Defendant Pearl has failed to honor his obligations under the Pearl Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

389.    As a consequence of Defendant Pearl's failure to honor the terms of the Pearl Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest thereon.

## COUNT FORTY TWO
## BREACH OF CONTRACT – PLAFSKY FAMILY TRUST

390.    Plaintiff re-alleges and reincorporates paragraphs 1 through 389 as though fully set forth herein.

391.    On or about November 12, 1999, Defendant Plafsky Family Trust executed a Subscription Agreement ("Plafsky Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the Plafsky Agreement, Defendant Plafsky Family committed to invest $500,000.00 in Coqui.

392.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Plafsky Family under Section 1 of the Plafsky Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Plafsky Family's

first capital contribution was received by Coqui on or about March 9, 2000.

393.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Plafsky Family for payment in full of its outstanding commitment to Coqui in the amount of $155,000.00 by June 15, 2006.

394.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Plafsky Family for payment in full of its unfunded capital commitment in the amount of $155,000.00 by September 1, 2006.

395.    To date, Defendant Plafsky Family has failed to honor its obligations under the Plafsky Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

396.    As a consequence of Defendant Plafsky Family's failure to honor the terms of the Plafsky Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $155,000.00, plus interest thereon.

## COUNT FORTY THREE
## BREACH OF CONTRACT – FREDERICK POSES

397.    Plaintiff re-alleges and reincorporates paragraphs 1 through 396 as though fully set forth herein.

398.    On or about December 20, 1999, Defendant Frederick Poses executed a Subscription Agreement ("Poses Agreement") between himself and Coqui Capital Partners, LP. Pursuant to the Poses Agreement, Defendant Poses committed to invest $500,000.00 in Coqui.

399.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Poses under Section 1 of the Plafsky Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Poses's first capital contribution was received by Coqui on or about March 8, 2000.

400.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Poses for payment in full of his outstanding commitment to Coqui in the amount of $155,000.00 by June 15, 2006.

401.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Poses for payment in full of its unfunded capital commitment in the amount of $155,000.00 by September 1, 2006.

402.    To date, Defendant Poses has failed to honor his obligations under the Plafsky Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

403.    As a consequence of Defendant Poses's failure to honor the terms of the Poses Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $155,000.00, plus interest thereon.

## COUNT FORTY FOUR
## BREACH OF CONTRACT – SCHUYLER ASSOCIATES

404.    Plaintiff re-alleges and reincorporates paragraphs 1 through 403 as though fully set forth herein.

405.    On or about February 16, 2000, Defendant Schuyler Associates executed a Subscription Agreement ("Schuyler Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the Schulyer Agreement, Defendant Schuyler Associates committed to invest $100,000.00 in Coqui.

406.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Schuyler Associates under Section 1 of the Schuyler Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Schuyler Associates's first capital contribution was received by Coqui on or about March 9, 2000.

407.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Schuyler Associates for payment in full of its outstanding commitment to Coqui in the amount of $31,000.00 by June 15, 2006.  Coqui's pre-receivership official books and records indicate that Defendant Schuyler Associates's first capital contribution was received by Coqui on or about March 9, 2000.

408.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Schuyler Associates for payment in full of its unfunded capital commitment in the amount of $31,000.00 by September 1, 2006.

409.    To date, Defendant Schuyler Associates has failed to honor its obligations under the Schuyler Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

410.    As a consequence of Defendant Schuyler Associates's failure to honor the terms of the Schulyer Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

### COUNT FORTY FIVE
### BREACH OF CONTRACT –ALBERT SCHWARTZ

411.    Plaintiff re-alleges and reincorporates paragraphs 1 through 410 as though fully set forth herein.

412.    On or about March 7, 2000, Defendant Albert Schwartz executed a guaranty ("Schwartz Guaranty") and guaranteed the payment of the unfunded commitment due from Defendant The Stella and Albert Schwartz 1994 Grandchildren's Trust to Coqui.

413.    Via letter dated May 18, 2006, the Receiver made demand upon Defendant The Stella and Albert Schwartz 1994 Grandchildren's Trust for payment in full of its outstanding commitment to Coqui in the amount of $31,000.00.

414.    Via letter dated August 21, 2006, SBA, the federal regulator and third party beneficiary, made demand upon Defendant The Stella and Albert Schwartz 1994 Grandchildren's Trust for payment in full of its outstanding commitment to Coqui in the amount of $31,000.00.

415.    To date, Defendant The Stella and Albert Schwartz 1994 Grandchildren's Trust has failed to honor the demands made by the Receiver and SBA.

416.    By letter dated February 5, 2007, the Receiver made demand upon Defendant Maslow for $31,000.00 under the Schwartz Guaranty to be paid no later than February 20, 2007.

417.    By letter dated February 5, 2007, SBA made demand upon Defendant Schwartz for $31,000.00 under the Schwartz Guaranty to be paid no later than February 20, 2007.

418.     To date, Defendant Schwartz has failed to honor his obligations under the Schwartz Guaranty and has failed to pay Defendant The Stella and Albert Schwartz 1994 Grandchildren's Trust's unpaid capital commitment.

419.     As a consequence of Defendant Schwartz's failure to honor the terms of the Schwartz Guaranty, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $31,000.00, plus interest thereon.

## COUNT FORTY SIX
## BREACH OF CONTRACT – JOEL SIEGEL

420.     Plaintiff re-alleges and reincorporates paragraphs 1 through 419 as though fully set forth herein.

421.     On or about October 29, 1999, Defendant Joel Siegel executed a Subscription Agreement ("Siegel Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Siegel Agreement, Defendant Siegel committed to invest $250,000.00 in Coqui.

422.     Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Siegel under Section 1 of the Siegel Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Siegel's first capital contribution was received by Coqui on or about March 7, 2000.

423.     Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Siegel for payment in full of his outstanding commitment to Coqui in the amount of $77,500.00 by June 15, 2006.

424.     By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Siegel for payment in full of his unfunded capital commitment in the amount of

$77,500.00 by September 1, 2006.

425.    To date, Defendant Siegel has failed to honor his obligations under the Schuyler

Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as

demanded by the Receiver and SBA.

426.    As a consequence of Defendant Siegel's failure to honor the terms of the Siegel

Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate

have suffered, and continue to suffer, damages in the amount of $77,500.00, plus interest

thereon.

**COUNT FORTY SEVEN**
**BREACH OF CONTRACT – SILVER LINING CORP.**

427.    Plaintiff re-alleges and reincorporates paragraphs 1 through 426 as though fully

set forth herein.

428.    On or about January 20, 2000, Defendant Silver Lining Corporation executed a

Subscription Agreement ("Silver Lining Agreement") between itself and Coqui Capital Partners,

LP.  Pursuant to the Silver Lining Agreement, Defendant Silver Lining Corp. committed to

invest $125,000.00 in Coqui.

429.    In or about January, 2000, Defendant Silver Lining appointed Coqui Capital

partners, LP as its agent for service of process.

430.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Silver Lining under Section 1 of the Silver Lining Agreement, provides that any capital

commitment amounts due from each limited partner, other than initial capital contribution, shall

be paid in such amounts and at such time as determined by the General Partner in its sole

discretion.  Coqui's pre-receivership official books and records indicate that Defendant Silver

Lining's first capital contribution was received by Coqui on or about March 9, 2000.

431.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Silver Lining for payment in full of its outstanding

commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

432.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Silver Lining for payment in full of its unfunded capital commitment in the amount of

$38,750.00 by September 1, 2006.

433.    To date, Defendant Silver Lining has failed to honor its obligations under the

Silver Lining Agreement, the LPA and the Amended LPA and has failed to pay its capital

contribution as demanded by the Receiver and SBA.

434.    As a consequence of Defendant Silver Lining's failure to honor the terms of the

Silver Lining Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui

receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00,

plus interest thereon.

**COUNT FORTY EIGHT**
**BREACH OF CONTRACT – BARON SILVERSTEIN**

435.    Plaintiff re-alleges and reincorporates paragraphs 1 through 434 as though fully

set forth herein.

436.    On or about January 4, 2000, Defendant Baron Silverstein executed a

Subscription Agreement ("B Silverstein Agreement") between himself and Coqui Capital

Partners, LP.  Pursuant to the B Silverstein Agreement, Defendant Baron Silverstein committed

to invest $125,000.00 in Coqui.

437.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Baron Silverstein under Section 1 of the B Silverstein Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Baron Silverstein's first capital contribution was received by Coqui on or about January 26, 2000.

438.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Baron Silverstein for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

439.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Baron Silverstein for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

440.    To date, Defendant Baron Silverstein has failed to honor his obligations under the B Silverstein Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

441.    As a consequence of Defendant Baron Silverstein's failure to honor the terms of the B Silverstein Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

**COUNT FORTY NINE**
**BREACH OF CONTRACT – NEIL SILVERSTEIN**

442.    Plaintiff re-alleges and reincorporates paragraphs 1 through 441 as though fully set forth herein.

443.    On or about January 4, 2000, Defendant Neil Silverstein executed a Subscription Agreement ("N Silverstein Agreement") between himself and Coqui Capital Partners, LP. Pursuant to the N Silverstein Agreement, Defendant Neil Silverstein committed to invest $125,000.00 in Coqui.

444.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Neil Silverstein under Section 1 of the N Silverstein Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Neil Silverstein's first capital contribution was received by Coqui on or about January 26, 2000.

445.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Neil Silverstein for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

446.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Neil Silverstein for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

447.    To date, Defendant Neil Silverstein has failed to honor his obligations under the N Silverstein Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

448.    As a consequence of Defendant Neil Silverstein's failure to honor the terms of the N Silverstein Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

**COUNT FIFTY**
**BREACH OF CONTRACT – SUNBELT BEVERAGE COMPANY, LLC**

449.    Plaintiff re-alleges and reincorporates paragraphs 1 through 448 as though fully set forth herein.

450.    On or about January 28, 2000, Defendant Sunbelt Beverage Company executed a Subscription Agreement ("Sunbelt Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the Sunbelt Agreement, Defendant Sunbelt Beverage committed to invest $750,000.00 in Coqui.

451.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Sunbelt Beverage under Section 1 of the Sunbelt Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Sunbelt Beverage's first capital contribution was received by Coqui on or about March 6, 2000.

452.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Sunbelt Beverage for payment in full of its outstanding commitment to Coqui in the amount of $232,500.00 by June 15, 2006.

453.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Sunbelt Beverage for payment in full of its unfunded capital commitment in the amount of $232,500.00 by September 1, 2006.

454.    To date, Defendant Sunbelt Beverage has failed to honor its obligations under the B Silverstein Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

455.    As a consequence of Defendant Sunbelt Beverage's failure to honor the terms of the Sunbelt Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $232,500.00, plus interest thereon.

**COUNT FIFTY ONE**
**BREACH OF CONTRACT – TECH AEROFOAM, INC.**

456.    Plaintiff re-alleges and reincorporates paragraphs 1 through 455 as though fully set forth herein.

457.    On or about February 16, 2000, Defendant Tech Aerofoam, Inc. executed a Subscription Agreement ("Tech Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the Tech Agreement, Defendant Tech Aerofoam committed to invest $1,000,000.00 in Coqui.

458.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Tech Aerofoam under Section 1 of the Tech Aerofoam Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Tech Aerofoam's first capital contribution was received by Coqui on or about December 13, 1999.

459.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the

Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General

Partner, made demand upon Defendant Tech Aerofoam's for payment in full of its outstanding

commitment to Coqui in the amount of $310,000.00 by June 15, 2006.

460.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the

Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon

Defendant Tech Aerofoam's for payment in full of its unfunded capital commitment in the

amount of $310,000.00 by September 1, 2006.

461.    To date, Defendant Tech Aerofoam has failed to honor its obligations under the

Tech Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as

demanded by the Receiver and SBA.

462.    As a consequence of Defendant Tech Aerofoam's failure to honor the terms of the

Tech Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership

estate have suffered, and continue to suffer, damages in the amount of $310,000.00, plus interest

thereon.

## COUNT FIFTY TWO
## BREACH OF CONTRACT – KENNETH TUCKMAN

463.    Plaintiff re-alleges and reincorporates paragraphs 1 through 462 as though fully

set forth herein.

464.    On or about February 2, 2000, Defendant Kenneth Tuckman executed a

Subscription Agreement ("Tuckman Agreement") between himself and Coqui Capital Partners,

LP.  Pursuant to the Tuckman Agreement, Defendant Tuckman committed to invest $150,000.00

in Coqui.

465.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant

Tuckman under Section 1 of the Tuckman Agreement, provides that any capital commitment

amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Tuckman's first capital contribution was received by Coqui on or about March 6, 2000.

466.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Tuckman for payment in full of his outstanding commitment to Coqui in the amount of $46,500.00 by June 15, 2006.

467.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Tuckman for payment in full of his unfunded capital commitment in the amount of $46,500.00 by September 1, 2006.

468.    To date, Defendant Tuckman has failed to honor his obligations under the Tuckman Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

469.    As a consequence of Defendant Tuckman's failure to honor the terms of the Tuckman Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $46,500.00, plus interest thereon.

## COUNT FIFTY THREE
## BREACH OF CONTRACT – VESTAL VENTURE CAPITAL

470.    Plaintiff re-alleges and reincorporates paragraphs 1 through 469 as though fully set forth herein.

471.    On or about December 29, 1999, Defendant Vestal Venture Capital executed a

Subscription Agreement ("Vestal Venture Agreement") between itself and Coqui Capital Partners, LP. Pursuant to the Vestal Venture Agreement, Defendant Vestal Venture committed to invest $200,000.00 in Coqui.

472.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Vestal Venture under Section 1 of the Vestal Venture Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion. Coqui's pre-receivership official books and records indicate that Defendant Vestal Venture's first capital contribution was received by Coqui on or about March 7, 2000.

473.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Vestal Ventures for payment in full of its outstanding commitment to Coqui in the amount of $62,000.00 by June 15, 2006.

474.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Vestal Ventures for payment in full of its unfunded capital commitment in the amount of $62,000.00 by September 1, 2006.

475.    To date, Defendant Vestal Ventures has failed to honor its obligations under the Vestal Agreement, the LPA and the Amended LPA and has failed to pay its capital contribution as demanded by the Receiver and SBA.

476.    As a consequence of Defendant Vestal Ventures' failure to honor the terms of the Vestal Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership

estate have suffered, and continue to suffer, damages in the amount of $62,000.00, plus interest thereon.

## COUNT FIFTY FOUR
## BREACH OF CONTRACT – JEFFREY WILKES

477.    Plaintiff re-alleges and reincorporates paragraphs 1 through 476 as though fully set forth herein.

478.    On or about March 20, 2000, Defendant Jeffrey Wilkes executed a Subscription Agreement ("Wilkes Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Wilkes Agreement, Defendant Wilkes committed to invest $150,000.00 in Coqui.

479.    Section 5.02 (c) of the Amended LPA, accepted and acknowledged by Defendant Wilkes under Section 1 of the Wilkes Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Wilkes's first capital contribution was received by Coqui on or about March 7, 2000.

480.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Wilkes for payment in full of his outstanding commitment to Coqui in the amount of $46,500.00 by June 15, 2006.

481.    By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Wilkes for payment in full of his unfunded capital commitment in the amount of $46,500.00 by September 1, 2006.

482.    To date, Defendant Wilkes has failed to honor his obligations under the Wilkes Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

483.    As a consequence of Defendant Wilkes's failure to honor the terms of the Wilkes Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $46,500.00, plus interest thereon.

**COUNT FIFTY FIVE**
**BREACH OF CONTRACT – KEVIN WOLF**

484.    Plaintiff re-alleges and reincorporates paragraphs 1 through 483 as though fully set forth herein.

485.    On or about February 9, 2000, Defendant Kevin Wolf executed a Subscription Agreement ("Wolf Agreement") between himself and Coqui Capital Partners, LP.  Pursuant to the Wolf Agreement, Defendant Wolf committed to invest $125,000.00 in Coqui.

486.    Section 5.02 (c ) of the Amended LPA, accepted and acknowledged by Defendant Wolf under Section 1 of the Wolf Agreement, provides that any capital commitment amounts due from each limited partner, other than initial capital contribution, shall be paid in such amounts and at such time as determined by the General Partner in its sole discretion.  Coqui's pre-receivership official books and records indicate that Defendant Wolf's first capital contribution was received by Coqui on or about February 25, 2000.

487.    Via letter dated May 8, 2006, and in accordance with Section 5.02(c) of the Amended LPA, the Receiver, who has all of the authority and powers of Coqui's General Partner, made demand upon Defendant Wolf for payment in full of his outstanding commitment to Coqui in the amount of $38,750.00 by June 15, 2006.

488. By letter dated August 21, 2006, and in accordance with Section 4.09(f) of the Amended LPA, SBA, the federal agency and third party beneficiary, made demand upon Defendant Wolf for payment in full of his unfunded capital commitment in the amount of $38,750.00 by September 1, 2006.

489. To date, Defendant Wolf has failed to honor his obligations under the Wolf Agreement, the LPA and the Amended LPA and has failed to pay his capital contribution as demanded by the Receiver and SBA.

490. As a consequence of Defendant Wolf's failure to honor the terms of the Wolf Agreement, LPA and Amended LPA, the Receiver for Coqui and the Coqui receivership estate have suffered, and continue to suffer, damages in the amount of $38,750.00, plus interest thereon.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against each of the Defendants and in favor of the Plaintiff Receiver as follows:

1. against Defendant Coqui Capital Management in the amount of $44,586.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

2. against Defendant Isaac Kier in the amount of $697,500.00 plus interest for breach of contract in failing to honor his against Defendant Coqui Capital Management in the amount of $44,586.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

3. against Defendant Isaac Kier in the amount of $14,862.00 plus interest for breach of

contract in failing to honor his financial commitment in accordance with the terms of the 11/19/03 Capital Certificate;

4.      against Defendant Jeffrey Davidson in the amount of $158,100.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

5.      against Defendant Jeffrey Davidson in the amount of $14,862.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the 11/19/03 Capital Certificate;

6.      against Defendant Jeffrey Koffman in the amount of $54,250.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

7.      against Defendant Jeffrey Koffman in the amount of $14,862.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the 11/19/03 Capital Certificate;

8.      against Defendant Allison Koffman in the amount of $54,250.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

9.      against Defendant Martin Bandier in the amount of $310,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

10.      against Defendant Louis Buck in the amount of $46,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

11.     against Chazen Capital Partners in the amount of $310,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

12.     against Defendant Club Side Holdings in the amount of $38,750.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

13.     against Defendant Lawrence Coben in the amount of $77,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

14.     against Defendant Arthur Davidson in the amount of $15,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

15.     against Defendant Donna Davidson in the amount of $62,000.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

16.     against Defendant Rick Davidson in the amount of $62,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

17.     against Defendant Michael Delikat in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

18.     against Defendant S. Mark Erenstein in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the

Limited Partnership Agreement and the Amended Limited Partnership Agreement;

19.    against Defendant Roger Gladstone in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

20.    against Defendant Gabriel Golan in the amount of $46,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

21.    against Defendant Richard Goldberg in the amount of $186,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

22.    against Defendant Lynda Goldschein in the amount of $124,000.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

23.    against Defendant Michael Grisanti in the amount of $16,663.00 plus  interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

24.    against Defendant Michael Hard in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

25.    against Defendant IRM Associates in the amount of $155,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

26.    against Defendant Ellen Sue Kier in the amount of $77,500.00 plus interest for

breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

27.    against Defendant Efraim Kier in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

28.    against Defendant Sara Kier in the amount of $38,750.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

29.    against Defendant Ralph Kier in the amount of $77,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

30.    against Defendant David Koffman in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

31.    against Defendant Burton Koffman in the amount of $160,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

32.    against Defendant Ruthann Koffman in the amount of $160,000.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

33.    against Defendant Ron Kramer in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

34.    against Defendant Michael Kubin in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

35.    against Defendant David Layton in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Layton Guaranty;

36.    against Defendant LK2St, Ltd. in the amount of $38,750.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

37.    against Defendant Albert Lyons in the amount of $62,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Lyons Guaranty;

38.    against Defendant Marlin Equities, LLC in the amount of $77,500.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

39.    against Defendant Irma Maslow in the amount of $155,000.00 plus interest for breach of contract in failing to honor her financial commitment in accordance with the terms of the Maslow Guaranty;

40.    against Defendant Eric Osserman in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

41.    against Defendant Howard Pearl in the amount of $77,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the

Limited Partnership Agreement and the Amended Limited Partnership Agreement;

42.     against Defendant Plafsky Family Trust in the amount of $155,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

43.     against Defendant Frederick Poses in the amount of $155,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

44.     against Defendant Schuyler Associates in the amount of $31,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

45.     against Defendant Albert Schwartz in the amount of $31,000.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Schwartz Guaranty;

46.     against Defendant Joel Siegel in the amount of $77,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

47.     against Defendant Silver Lining Corp. in the amount of $38,750.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

48.     against Defendant Baron Silverstein in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

49.     against Defendant Neil Silverstein in the amount of $38,750.00 plus interest for

breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

50.    against Defendant Sunbelt Beverage Company in the amount of $232,500.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

51.    against Defendant Tech Aerofoam, Inc. in the amount of $310,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

52.    against Defendant Kenneth Tuckman in the amount of $46,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

53.    against Defendant Vestal Venture Capital in the amount of $62,000.00 plus interest for breach of contract in failing to honor its financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

54.    against Defendant Jeffrey Wilkes in the amount of $46,500.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement;

55.    against Defendant Kevin Wolf in the amount of $38,750.00 plus interest for breach of contract in failing to honor his financial commitment in accordance with the terms of the Limited Partnership Agreement and the Amended Limited Partnership Agreement; and

56.    for any such other relief as this Court deems just and proper.

Dated: January 28, 2008

Respectfully submitted,

By: _____/s/_____

William B. Young, Esq.(WY9160)
Special United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201


U.S. SMALL BUSINESS ADMINISTRATION
Receiver for Coqui Capital Partners SBIC, LP


By: _____/s/_____

Arlene M. Embrey, Esq. (AE9718)
Trial Attorney
U.S. Small Business Administration
Office of General Counsel
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
(202) 205-6976