UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SMALL BUSINESS
ADMINISTRATION AS RECEIVER FOR COQUI
CAPITAL PARTNERS, L.P.,

                Plaintiff,

-v-                                       No. 08 Civ. 0978 (LTS)(THK)

COQUI CAPITAL MANAGEMENT, LLC, et al,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This action arises out of Plaintiff's receivership efforts on behalf of Coqui Capital Partners, L.P. ("Coqui"), a Delaware limited partnership licensed as a Small Business Investment Company ("SBIC") by the United States Small Business Administration ("SBA"). The Small Business Investment Act of 1958 provides federal jurisdiction over the receivership proceeding, 15 U.S.C. §§687 and 687h; the Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. §§754 and 1367. Plaintiff's amended complaint ("Am. Compl.") asserts breach of contract claims against each of Coqui's limited partners, whom Plaintiff alleges have failed to fulfill their commitments to Coqui as required by Coqui's Amended Limited Partnership Agreement ("ALPA") and their individual subscription agreements.[1]

---

[1] The ALPA creates and defines the terms and conditions under which the limited partnership operates. The individual subscription agreements between each limited partner and Coqui specify the particular terms and conditions of each limited partner's obligations to contribute capital to the limited partnership.

Defendants have moved to dismiss the amended complaint on the grounds that the relevant agreements require arbitration of Plaintiff's claims. The Court, after careful consideration of the parties' submissions on the motion, grants Defendants' motion.

As the Second Circuit has noted, "[t]he Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (1988), requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (internal citation omitted). To decide whether a dispute is subject to mandatory arbitration, a court must determine whether the parties agreed to arbitrate and whether the scope of that agreement encompasses the claims at issue. Bank Julius Baer & Co. v. Waxfield Ltd., 424 F.3d 278, 281 (2d Cir. 2005). Resolution of the instant motion requires an additional determination: whether the SBA, acting in its capacity as a receiver, is bound by the arbitration agreements entered into by Coqui, the receivership entity.

The parties do not dispute that the Defendants and Coqui entered into an agreement to arbitrate in the ALPA. The relevant arbitration provision is found in Section 10.15 of the ALPA, "Agreement to Arbitrate":

> Notwithstanding Sections 10.13 and 10.14 hereof, the parties to this Agreement agree that any dispute or disagreement concerning, pertaining or relating to this Agreement and/or any transactions, occurrences, communications or understandings (or lack of any of the foregoing) relating in any way to this Agreement shall be submitted to Arbitration under the laws of the American Arbitration Association by an impartial arbitrator selected by the parties.

(Declaration of Donald A. Zakarin, dated March 31, 2008, Ex. A).[2] The amended complaint

---

[2] Section 10.13 is a jurisdictional consent provision and Section 10.14 waives the limited partner's right to trial by jury in the event of litigation arising out of its

asserts that Plaintiff's action is one "to recover the respective capital commitments owed under a Subscription Agreement and a Limited Partnership Agreement." (Am. Compl. ¶ 1.) Clearly, this action is one "concerning, pertaining or relating to [the ALPA] and/or transactions, occurrences, communications or understandings . . . relating in any way to [the ALPA]" and is well within the scope of the arbitration clause.

Citing U.S. Small Bus. Admin. v. Chimicles, 447 F.3d 207, 210 (3d Cir. 2006), Plaintiff urges the Court to resolve the dispute regarding arbitration solely based on the subscription agreements rather than by reference to the ALPA as well. In Chimicles, the Third Circuit held that the subscription agreements among the parties in that case did not compel the parties to arbitrate their disputes, and thus affirmed the district court's ruling that the dispute was not subject to mandatory arbitration, notwithstanding the existence of an arbitration clause in the limited partnership agreement. Plaintiff's claims here are distinguishable from those in Chimicles. Whereas in that case the SBA's claim was asserted solely under the subscription agreements, Plaintiff's amended complaint repeatedly asserts that Defendants' have breached the partnership agreement as well as the subscription agreements. See, e.g., Am. Compl. ¶ 1 ("Plaintiff brings this action . . . to recover the capital commitments owed under a Subscription Agreement *and a Limited Partnership Agreement*"), ¶ 75 ("Section 5.10 of the *Amended LPA*

---

        investment. Neither of these provisions limits the scope of the arbitration provision in Section 10.15. Contrary to Plaintiff's interpretation, the plain meaning of the Section 10.15's "notwithstanding" clause is that Section 10.15 requires arbitration irrespective of Sections 10.13 and 10.14. To the extent that Sections 10.13 and 10.14 envisage litigation in federal or state court and thus might be deemed inconsistent with Section 10.15, the "notwithstanding" clause of Section 10.15 directs the Court to resolve any inconsistency in Section 10.15's favor.

provides that the Partnership is entitled to enforce against each partner its respective obligation as specified in the Amended LPA"), ¶ 92 ("Each and every one of the Defendants has failed to remit payment letters in accordance with their respective Call Letters, Demand Letters or Guaranty Letters and each of the Defendants is in default of their respective obligations under the terms of the *LPA* [Limited Partnership Agreement, subsequently amended to become the ALPA] . . .") (emphasis added). Plaintiff may not claim the benefit of rights under the ALPA without also complying with its obligations thereunder, including the obligation to submit disputes to arbitration. Additionally, the Subscription Agreements now before the Court in no way purport to abrogate the parties' arbitration obligations under the Limited Partnership Agreement; rather, they expressly incorporate all of that agreement's provisions.

The question thus turns to whether Plaintiff, as receiver, is bound to arbitrate its ALPA-related claims. The Court concludes that it is. A receiver "has no greater rights or powers than the [receivership entity] itself would have. A receiver may commence lawsuits, but stands in the shoes of the [receivership entity] and can assert only those claims which the [receivership entity] could have asserted." Eberhard v. Marcu, 530 F.3d 122, 132 (2d Cir. 2008) (internal citations and quotations omitted). Accordingly, a receiver's ability to litigate claims in federal court is limited by any valid agreement, previously executed by the receivership entity, that mandates arbitration. Javitch v. First Union Sec. Inc., 315 F.3d 619, 627 (6th Cir. 2003) (a receiver "is bound to the arbitration agreements to the same extent that the receivership entities would have been absent the appointment of the receiver"); Capitol Life Ins. Co. v. Gallagher, No. 94-1040, 1995 WL 66602, at *2 (10th Cir. Feb. 7, 1995) ("[the receiver] may be compelled to arbitrate because a receiver 'stands in the shoes' of the [receivership entity]").

The Small Business Investment Act of 1958 ("SBIA"), which confers upon the SBA the power to act as a receiver of troubled licensees such as Coqui, see 15 U.S.C.A. § 687c (West 1997), does not authorize a deviation from either the general principles of receivership or from the strong federal policy in favor of arbitration articulated by the Federal Arbitration Act ("FAA"). As Defendants point out, Congress passed the SBIA after the passage of the FAA, and was undoubtedly well aware of the potential for receivers to arbitrate disputes attendant to their receivership responsibilities. Tellingly, Congress declined to include any provision in the SBIA to preclude such arbitrations. Although the SBIA enables federal district courts to take exclusive jurisdiction of the receivership entity and its assets and to appoint a receiver (as the Court has done in this case), the SBIA does not require that all the receiver's attendant disputes be litigated in federal court. Rather, the Court remains obligated to direct the parties to proceed to arbitration, as the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)). SBA must therefore submit to arbitration the claims it has asserted in this action.

Even though Section 3 of the FAA by its terms requires a federal court to stay, rather than dismiss, an action to resolve a dispute subject to an arbitration agreement between the parties, "[w]hen all of the issues raised in a litigation lie within the scope of an arbitration agreement, courts have the discretion to dismiss the action rather than issue an order directing a stay." Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 269 F. Supp. 2d 356, 366 (S.D.N.Y. 2003); 9 U.S.C.A. § 3 (West 1999). Here, all of Plaintiff's claims are within the scope of the

governing arbitration agreement. Accordingly, the Court dismisses Plaintiff's Amended Complaint, without prejudice to Plaintiff pursuing its claims in an arbitral forum.

This Memorandum Order resolves docket entry no. 15. The Clerk of the Court is respectfully requested to enter judgment in accordance with this decision and close this case.

SO ORDERED.

Dated: New York, New York
October 27, 2008

LAURA TAYLOR SWAIN
United States District Judge